## BAKER *v.* GOWERS.

### Opinion delivered February 10, 1930.

*James B. McDonough,* for appellants.

*Cochran & Arnett, Hays, Priddy & Smallwood* and *W. B. Rhyne,* for appellees.

KIRBY, J., (after stating the facts). Appellants insist that the chancellor's finding, that the conveyances were made with a fraudulent intent to cheat, hinder and delay the creditors of appellants in the collection of their debts, is contrary to the preponderance of the testimony, and that these conveyances were valid, regardless of the fact that they may have effected a preference in payment of the claims of these creditors over others. The court has concluded, after a careful examination of the testimony, that the contention of appellants must be sustained.

The preponderance of the testimony shows, in our opinion, that the advances or loans of money claimed to have been made by Mrs. Van Hoozer to her son-in-law and daughter, and borrowed by them for payment of the wages of the miners and other expenses incident to the operation of the mine, as well as for interest due upon the mortgage and loans by other persons to Mrs. Baker, were actually made. The notes given by Nellie and F. B. Baker, evidenced different amounts borrowed from and furnished by Mrs. Van Hoozer, and attached to each of the notes was a short memorandum showing the different sums constituting the amount of the note given, and a great many canceled checks from Mrs. Van Hoozer were also introduced, showing the amount of money advanced as indicated by the memorandum attached to the notes executed theretofore. Both Mrs. Baker and F. B. Baker, her husband, who had the matter specially in charge, kept the memorandum of indebtedness for money borrowed from Mrs. Van Hoozer, produced a great number of paid checks, showing the amounts of money obtained, testified that they owed her for money borrowed the amount of the different notes given in the whole sum of the consideration recited in the conveyances of the 160 acres to her in payment thereof. That the debts were *bona fide* and the money had been actually supplied by Mrs. Van Hoozer. She testified that she had advanced the money in the amount shown to be due by the recited consideration in the deed, and even attempted to borrow some more money and lend to them to keep the mine in operation when they were unable to proceed. It was established also by other witnesses, that Mrs. Van Hoozer had a good deal of property, with an annual income of something over $5,000, and was able to loan the money claimed to have been advanced.

The brother, John L. Baker, Nellie Baker and F. B. Baker all testified that the debt due John L. Baker, secured by the mortgage, was a *bona fide* debt due for money obtained from him; and there was no evidence

contradicting their statement, further than the mortgage was not given at the time the note was made and the money borrowed.

It is true Mrs. Van Hoozer conveyed these lands, after they were conveyed to her by the appellants, to her grandson, the son of Nellie and F. B. Baker, for a recited consideration of love and affection; but she could do as she pleased with her own property, without regard to the source of its acquisition, if the conveyance to her was valid. The conveyances complained of are not voluntary conveyances, although made to near relatives, as disclosed by a close scrutiny of the entire transaction, and no presumption as to their being fraudulent therefore arises. "Fraud may be established by circumstantial as well as by direct evidence, but it is not to be presumed. If the form and design of the transaction may be traced to an honest source, under a preponderance of the evidence, the transaction must be allowed to stand." *Frauenthal & Schwartz* v. *Bank of El Paso,* 170 Ark. 326, 280 S. W. 1001, 44 A. L. R. 871. In Wait on Fraudulent Conveyances, § 5, it is said:

"Fraud, it is also argued, will not be lightly imputed and cannot be established by circumstances of mere suspicion. * * * The creditor must prove tangible and substantial facts from which a legitimate inference of a fraudulent intent can be drawn. The evidence must convince the understanding that the transaction was entered into for a purpose prohibited by law."

While it is true that the conveyance from Mrs. Van Hoozer to her grandson, Fenner Brown Baker, may be regarded a voluntary conveyance, it must be remembered that Mrs. Van Hoozer was not indebted to any of the creditors of the corporation, nor to F. B. Baker or his wife, Nellie Baker, and was not insolvent; and it can make no difference to any such creditors how she disposed of her property legally acquired. Having concluded, as already said, that the chancellor's finding and holding the conveyance of the 160 acres of land to Mrs.

Van Hoozer fraudulent as to creditors, and also the mortgage of the other tract to John Luther Brown, is erroneous and contrary to the preponderance of the testimony, it follows that the decree must be reversed, and the cause remanded with directions to dismiss the complaint for want of equity. It is so ordered.